## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In Re:* **K.B. and K.B.**

**No. 12-0865** (Webster County 11-JA-62 and 11-JA-63)

### MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Christopher Moffatt, from the Circuit Court of Webster County, which terminated Petitioner Mother's parental rights by order entered on June 25, 2012. The guardian ad litem for the children, Joyce Helmick Morton, has filed a response on behalf of the children supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney William Bands, also filed a response in support of termination.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2011, DHHR filed the petition of the instant case after both parents had to be transported by ambulance to the hospital after using methamphetamines. Upon investigation, drug paraphernalia was found in the home within reach of the children. Petitioner Mother was granted a twelve-month rehabilitation period on the condition that she complete inpatient rehabilitation. She left before the program five months early and, on the day of the dispositional hearing, she tested positive for drugs. The circuit court entered its termination order in June of 2012. Petitioner Mother appeals this order.

On appeal, Petitioner Mother argues that the circuit court erred in terminating her parental rights when there was evidence that it was reasonably likely that she could complete her rehabilitation period, there were less restrictive alternatives to termination, and there exists a bond between her and her children. She argues that she has admitted to her drug addiction and only left rehabilitation because her mother was dying, has expressed her willingness to reenter rehabilitation and terminate her relationship with the children's father, and has shown her ability to be compliant by only testing positive for drugs one time after the petition was filed. Petitioner Mother argues that the circuit court erred in not taking these factors into account when it terminated her rehabilitation period after less than three months and when she has a bond with her children.

The children's guardian ad litem responds and argues that the circuit court did not err in terminating Petitioner Mother's parental rights. On the day of the dispositional hearing,

Petitioner Mother tested positive for both methamphetamines and amphetamines. Even though her other drug screens were negative, her voluntary exit from the rehabilitation center five months early and her positive screens on the day of the dispositional hearing led Petitioner Mother's Child Protective Services ("CPS") worker to believe that Petitioner Mother would not be able to successfully complete rehabilitation. The guardian argues that Petitioner Mother's explanation that she left to care for her dying mother was merely an excuse, as indicated by Petitioner Mother's testimony that she only called her mother "occasionally" in the time between her exit from rehabilitation and her mother's death. Respondent DHHR submitted a response joining in, and concurring with, the guardian ad litem's response in support of termination.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. Under West Virginia Code § 49-6-12, circuit courts have the discretion to grant, deny, or terminate an improvement period. The Court finds that the circuit court considered any emotional bond between petitioner and children and was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we affirm the circuit court's order terminating Petitioner Mother's parental rights to the subject children.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II